# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN JOSE

FILED

FEB -2 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

BLF

HRL

SEALED
BY COURT ORDER

UNITED STATES OF AMERICA,

**CR 16 39**

ALFRED GEORGIS and DAVIS KIRYAKOZ

DEFENDANT(S).

# INDICTMENT

Title 18, United States Code, Section 371– Conspiracy; Title 18, United States Code, Section 2314 – Transportation of Stolen Goods; Title 18, United States Code, Section 1956(h) – Money Laundering Conspiracy;  Title 18, United States Code, Section 1956(a)(1)(B)(ii) – Money Laundering; Title 18, United States Code, Section 981(a)(1)(C) – Transportation of Stolen Goods Forfeiture; Title 18, United States Code, Section 982 – Money Laundering Forfeiture.

A true bill.

_____
Foreman

Filed in open court this _2nd_ day of

_Feb, 2016_.

MARIA-ELENA JAMES
UNITED STATES MAGISTRATE JUDGE

Clerk —— ROSE MAHER

NO BAIL ARREST WARRANT Bail $ _____

SEALED
BY COURT ORDER

BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

FILED

FEB -2 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR **CR 16 39** |
| Plaintiff, | |
| v. | VIOLATIONS: Title 18, United States Code, Section 371– Conspiracy; Title 18, United States Code, Section 2314 – Transportation of Stolen Goods; Title 18, United States Code, Section 1956(h) – Money Laundering Conspiracy; Title 18, United States Code, Section 1956(a)(1)(B)(ii) – Money Laundering; Title 18, United States Code, Section 981(a)(1)(C) – Transportation of Stolen Goods Forfeiture; Title 18, United States Code, Section 982 – Money Laundering Forfeiture. |
| ALFRED GEORGIS and DAVIS KIRYAKOZ, | |
| Defendants. | |
| | SAN JOSE VENUE |

INDICTMENT

The Grand Jury charges, with all dates being approximate and all date ranges both approximate and inclusive, that:

COUNT ONE:          (18 U.S.C. § 371 – Conspiracy)

1.          Beginning at a time unknown to the Grand Jury, but no later than March 27, 2013, and continuing through and including January 22, 2015, in the Northern District of California, and elsewhere, the defendants,

ALFRED GEORGIS and
DAVIS KIRYAKOZ,

INDICTMENT

knowingly and willfully conspired with others, known and unknown to the Grand Jury, to commit offenses against the United States: that is, to transport, transmit, and transfer in interstate and foreign commerce from the State of California to the State of North Carolina, stolen goods, wares and merchandise, that is more than 130 bottles of wine, of a value of $5,000 or more, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2314.

OVERT ACTS

2. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others were committed in the Northern District of California and elsewhere:

a. On March 27, 2013, GEORGIS, KIRYAKOZ, and others burglarized and aided and abetted in the burglary of Fine Wines International, in San Francisco, California, in which approximately 142 bottles of wine were stolen;

b. On March 27, 2013, GEORGIS, KIRYAKOZ, and an unindicted co-conspirator (UCC1) corresponded by telephone numerous times before, during, and after the burglary of Fine Wines International;

c. On March 27, 2013, UCC1 called an individual in North Carolina (hereinafter Buyer) regarding selling a number of bottles of wines, later identified as having been stolen from Fine Wines International, to Buyer;

d. On March 27, 2013, UCC1 transported over fifty bottles of wines stolen from Fine Wines International, in San Francisco, California, to Buyer in North Carolina;

e. Between March 27 and March 28, 2013, UCC1 requested that Buyer make a number of payments for the transaction, including payment in the form of blank money orders signed by Buyer;

f. From March 29 to March 30, 2013, KIRYAKOZ received blank money orders signed by Buyer for this transaction and cashed said money orders with his name handwritten in the "Pay To The Order Of" line;

g. On April 1, 2013, GEORGIS received blank money orders signed by Buyer for this transaction and cashed said money orders with his name handwritten in the "Pay To The Order Of" line;

INDICTMENT

h. On November 8, 2014, GEORGIS, KIRYAKOZ, and others burglarized and aided and abetted in the burglary of Alexander's Steakhouse in Cupertino, California in which approximately 29 bottles of wine were stolen;

i. On November 8, 2014, GEORGIS, KIRYAKOZ and UCC1 corresponded by telephone numerous times before, during, and after the burglary of Alexander's Steakhouse;

j. On November 8, 2014, GEORGIS and KIRYAKOZ discussed with Buyer transporting approximately seventeen bottles of wine to Buyer in North Carolina, later identified as bottles of wine stolen from Alexander's Steakhouse;

k. On November 8, 2014, GEORGIS and KIRYAKOZ shipped approximately seventeen bottles of wine stolen from Alexander's Steakhouse in Cupertino, California, to Buyer in North Carolina;

l. Between November 8 and November 12, 2014, GEORGIS and KIRYAKOZ requested that Buyer make payments for the transaction described in the preceding paragraph by: (1) an official cashier's check in the amount of $5,750 made payable to GEORGIS to be sent to him at a location in San Jose; and (2) a wire transfer in the amount of $5,750 made payable to a bank account for KIRYAKOZ;

m. On November 12, 2014, GEORGIS cashed an official cashier's check from Buyer for the above transaction;

n. On November 12, 2014, KIRYAKOZ received a bank wire transfer from Buyer for the above transaction to his bank account;

o. On December 26, 2014, GEORGIS, KIRYAKOZ, and others burglarized and aided and abetted in the burglary of The French Laundry in Yountville, California, in which approximately 100 bottles of wine were stolen;

p. Between December 26 and 30, 2014, GEORGIS and KIRYAKOZ discussed with Buyer transporting approximately sixty-six bottles of wine to Buyer in North Carolina and payments for said wine of between $120,000 to $150,000;

//

//

INDICTMENT

q. Between December 26 and 29, 2014, GEORGIS and KIRYAKOZ shipped approximately sixty-six bottles of wine, that were stolen from The French Laundry in Yountville, California, from the Northern District of California to Buyer in North Carolina;

r. Between December 26 and December 29, 2014, GEORGIS and KIRYAKOZ requested that Buyer make payments for the transaction described in the preceding paragraph by wire transfers in amounts under $10,000;

s. On December 29, 2014, GEORGIS received a bank wire transfer from Buyer for the above transaction to his bank account in an amount under $10,000;

t. Between December 26 and 29, 2014, KIRYAKOZ received bank wire transfers from Buyer for the above transaction to his bank account, in amounts under $10,000;

u. On December 29, 2014, other persons received bank wire transfers from Buyer for the above transaction to bank accounts as directed by GEORGIS and KIRYAKOZ, also in amounts under $10,000;

v. Between December 30, 2014 and January 22, 2015, GEORGIS and KIRYAKOZ continued to demand payment from Buyer and/or return of the bottles of wine for resale, which had been transported to Buyer in North Carolina, and which Buyer had determined to have been stolen from The French Laundry.

All in violation of Title 18, United States Code, Sections 371 and 2314.

COUNT TWO:    (18 U.S.C. §§ 2314 and 2 – Transportation of Stolen Goods)

3. From November 8 through 12, 2014, in the Northern District of California, and elsewhere, the defendants,

ALFRED GEORGIS and
DAVIS KIRYAKOZ,

did unlawfully transport, transmit, and transfer in interstate and foreign commerce from California to North Carolina, stolen goods, wares, and merchandise, that is, at least seventeen bottles of wine having a value of $5,000 or more, knowing the same to have been stolen.

All in violation of Title 18, United States Code, Sections 2314 and 2.

//

INDICTMENT

COUNT THREE:     (18 U.S.C. §§ 2314 and 2 – Transportation of Stolen Goods)

4.     From December 26 through on or after December 29, 2014, in the Northern District of California, and elsewhere, the defendants,

ALFRED GEORGIS and
DAVIS KIRYAKOZ,

did unlawfully transport, transmit, and transfer in interstate and foreign commerce from California to North Carolina, stolen goods, wares, and merchandise, that is, at least sixty-three bottles of wine having a value of $5,000 or more, knowing the same to have been stolen.

All in violation of Title 18, United States Code, Sections 2314 and 2.

COUNT FOUR:     (18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering)

5.     Paragraphs 1 through 4, and the transactions alleged in Counts One through Three, are alleged and incorporated as if fully set forth here.

6.     Beginning at a time unknown to the Grand Jury, but no later than March 27, 2013, and continuing through December 29, 2014, in the Northern District of California, and elsewhere, the defendants,

ALFRED GEORGIS and
DAVIS KIRYAKOZ,

did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, transportation of stolen property, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

//

//

INDICTMENT

<u>MANNER AND MEANS</u>

7. The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

a. Using multiple bank accounts to receive wired funds in amounts under $10,000 for payment for the sale and transportation of stolen goods;

b. Requiring payment by cashier's checks in amounts under $10,000 for payment for the sale and transportation of stolen goods; and

c. Engaging in monetary transactions using property having been derived from the specified unlawful activity of transportation of stolen goods.

In order to accomplish the objectives of the conspiracy, the defendants engaged in the financial transactions alleged in Counts Five through Eleven, among others.

All in violation of Title 18, United States Code, Section 1956(h).

<u>COUNTS FIVE THROUGH TWELVE</u>: (18 U.S.C. §§ 1956(a)(1)(B)(ii) and 2 – Money Laundering)

8. Paragraphs 1 through 4, and the transactions alleged in Counts One through Three, are alleged and incorporated as if fully set forth here.

9. On the dates listed below, in the Northern District of California and elsewhere, the defendants,

ALFRED GEORGIS and
DAVIS KIRYAKOZ,

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is transportation of stolen goods, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under Federal law and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

//

//

//

INDICTMENT

| COUNT | DATE | DESCRIPTION | AMOUNT |
|---|---|---|---|
| 5 | 11/12/2014 | Cashier's check from Sun Trust Bank account x3574, in the name of Wine Liquidators to Alfred Georgis | $5,750 |
| 6 | 11/12/2014 | Wire transfer from Sun Trust Bank account x3574, in the name of Wine Liquidators, to JP Morgan Chase Bank acct. x3881, in the name of Davis Kiryakoz | $5,750 |
| 7 | 12/26/2014 | Wire transfer from Sun Trust Bank account x3574, in the name of Wine Liquidators, to Bank of America San Francisco CA acct. x4896, in the name of Davis Kiryakoz | $9,700 |
| 8 | 12/29/2014 | Wire transfer from Sun Trust Bank account x3574, in the name of Wine Liquidators, to Bank of America San Francisco CA acct. x4896, in the name of Davis Kiryakoz | $9,500 |
| 9 | 12/29/2014 | Wire transfer from Sun Trust Bank account x3574, in the name of Wine Liquidators, to Citibank, N.A., San Francisco, CA acct. x2609, in the name of Alfred Georgis | $7,500 |
| 10 | 12/29/2014 | Wire transfer from Sun Trust Bank account x3574, in the name of Wine Liquidators, to Bank of America San Francisco CA acct. x7081, in the name of Kiryakoz E. Kiryakoz | $9,500 |
| 11 | 12/29/2014 | Wire transfer from Sun Trust Bank account x3574, in the name of Wine Liquidators, to Wells Fargo Bank San Francisco CA acct. x9823, in the name of Sargon Yonan | $9,500 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(ii) and 2.

FORFEITURE ALLEGATIONS

10. The factual allegations contained in Counts One through Eleven of this Indictment are hereby re-alleged and by reference fully incorporated herein for the purpose of alleging forfeiture as set forth below.

11. Upon conviction of any of the offenses alleged in Counts One through Three of this Indictment, the defendants,

ALFRED GEORGIS and
DAVIS KIRYAKOZ,

INDICTMENT

shall, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), forfeit to the United States any property, real or personal, including but not limited to a money judgment, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 2314, or a conspiracy to commit said offense.

12. Upon conviction of any of the offenses alleged in Counts Four through Eleven of this Indictment, the defendants,

ALFRED GEORGIS and
DAVIS KIRYAKOZ,

shall, pursuant to 18 U.S.C. § 982(a)(1), forfeit to the United States any property, real or personal, involved in said violations, or any property traceable to such property, including but not limited to a money judgment.

13. If, as a result of any act or omission of the defendants, any of the property subject to forfeiture:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to or deposited with, a third person;

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be divided without difficulty;

any and all interest defendants have in any other property (up to the value of the property subject to forfeiture), shall be forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 2861(c).

//
//
//
//
//
//
//

INDICTMENT

All in violation of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), Title 28, United States Code Section 2461(c), and Rule 32.2 of the Rules of Criminal Procedure.

DATED:

2/2/16

A TRUE BILL.

FOREPERSON

BRIAN J. STRETCH
Acting United States Attorney

DAVID R. CALLAWAY
Chief, Criminal Division

(Approved as to form: _____ )
CYNTHIA M. FREY
Assistant United States Attorney

INDICTMENT

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

## OFFENSE CHARGED

18 U.S.C. § 371 - Conspiracy;
18 U.S.C. §§ 2314 and 2 - Transportation of Stolen Goods;
18 U.S.C. § 1956(h) - Conspiracy to Commit Money Laundering;
18 U.S.C. §§ 1956(a)(1)(B)(ii) and 2 - Money Laundering

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
SEE ATTACHED

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN JOSE DIVISION

*FILED*

FEB -2 2016

## DEFENDANT - U.S.

▶ ALFRED GEORGIS

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DISTRICT COURT NUMBER

*SEALED BY COURT ORDER*

**CR 16 39**

BLF

HRL

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

_____

Name and Office of Person Furnishing Information on this form _____ BRIAN J. STRETCH

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned) _____ CYNTHIA FREY

## DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

_____

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed _____

DATE OF ARREST ▶ _____ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ _____ Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT     Bail Amount: NONE

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____     Before Judge: _____

Comments:

# PENALTY SHEET ATTACHMENT:
## ALFRED GEORGIS

**Count 1:** 18 U.S.C. § 371 – Conspiracy

**Maximum Penalties**: (1) 5 years imprisonment; (2) Maximum of 3 years of supervised release; (3) $250,000 fine or twice the gross gain or twice the gross loss; (4) $100 Special Assessment

**Counts 2&3:** 18 U.S.C. §§ 2314 and 2 – Transportation of Stolen Goods

**Maximum Penalties**: (1) 10 years imprisonment; (2) Maximum of 3 years of supervised release; (3) $250,000 fine or twice the gross gain or twice the gross loss; (4) $100 Special Assessment

**Count 4:** 18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering

**Maximum Penalties**: (1) Maximum 20 years imprisonment; (2) Maximum 3 years of supervised release; (3) $500,000 fine or twice the value of the property involved in the transaction, whichever is greater; (4) $100 special assessment.

**Counts 5-11:** 18 U.S.C. §§ 1956(a)(1)(B)(ii) and 2 – Money Laundering

**Maximum Penalties**: (1) Maximum 20 years imprisonment; (2) Maximum 3 years of supervised release; (3) $500,000 fine or twice the value of the property involved in the transaction, whichever is greater; (4) $100 special assessment.

A1

AO 257 (Rev. 6/78)

**FILED**

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

FEB - 2 2016

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
SAN JOSE DIVISION NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

18 U.S.C. § 371 - Conspiracy;
18 U.S.C. §§ 2314 and 2 - Transportation of Stolen Goods;
18 U.S.C. § 1956(h) - Conspiracy to Commit Money Laundering;
18 U.S.C. §§ 1956(a)(1)(B)(ii) and 2 - Money Laundering

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:
SEE ATTACHED

DEFENDANT - U.S.  ~~SEALED BY COURT ORDER~~

▶ DAVIS KIRYAKOZ

DISTRICT COURT NUMBER

CR 16 39 BLF

### DEFENDANT

**IS _NOT_ IN CUSTODY**  HRI
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No  } If "Yes" give date filed _____

DATE OF ARREST ▶  Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year _____

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form _____ BRIAN J. STRETCH
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned) _____ CYNTHIA FREY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT  Bail Amount: NONE

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:
_____

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____  Before Judge: _____

Comments:

## PENALTY SHEET ATTACHMENT:
## DAVIS KIRYAKOZ

**Count 1:** 18 U.S.C. § 371 – Conspiracy

**Maximum Penalties**: (1) 5 years imprisonment; (2) Maximum of 3 years of supervised release; (3) $250,000 fine or twice the gross gain or twice the gross loss; (4) $100 Special Assessment

**Counts 2&3:** 18 U.S.C. §§ 2314 and 2 – Transportation of Stolen Goods

**Maximum Penalties**: (1) 10 years imprisonment; (2) Maximum of 3 years of supervised release; (3) $250,000 fine or twice the gross gain or twice the gross loss; (4) $100 Special Assessment

**Count 4:** 18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering

**Maximum Penalties**: (1) Maximum 20 years imprisonment; (2) Maximum 3 years of supervised release; (3) $500,000 fine or twice the value of the property involved in the transaction, whichever is greater; (4) $100 special assessment.

**Counts 5-11:** 18 U.S.C. §§ 1956(a)(1)(B)(ii) and 2 – Money Laundering

**Maximum Penalties**: (1) Maximum 20 years imprisonment; (2) Maximum 3 years of supervised release; (3) $500,000 fine or twice the value of the property involved in the transaction, whichever is greater; (4) $100 special assessment.



# United States District Court
## Northern District of California

## CRIMINAL COVER SHEET

FILED

FEB -2 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Instructions:** Effective January 3, 2012, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case.

**BLF**

**Case Name:**

USA v.  ALFRED GEORGIS and DAVIS KIRYAKOZ

**Case Number:** CR 16 39

**Total Number of Defendants:**

1 ☐     2-7 ☑     8 or more ☐

**Is This Case Under Seal?**

Yes ☑     No ☑

*sml for Cynthia Frey*

**SEALED BY COURT ORDER**

**Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326?**

Yes ☐     No ☑

**Venue (Per Crim. L.R. 18-1):**

SF ☐     OAK ☐     SJ ☑     EUR ☐     MON ☐

**Is any defendant charged with a death-penalty-eligible crime?**

Yes ☐     No ☑

**Assigned AUSA (Lead Attorney):**

CYNTHIA M. FREY

**Is this a RICO Act gang case?**

Yes ☐     No ☑

**Date Submitted:**

February 2, 2016

**Comments:**

| Save | Print | Clear Form |

July 2013