**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALFRED GEORGIS,<br>Defendant. | Case No. 16-cr-00039-BLF-1<br><br>**ORDER DENYING UNITED STATES' APPLICATION FOR REVIEW AND REVOCATION OF RELEASE ORDER**<br><br>[Re: ECF 92] |

On May 11, 2016, Magistrate Judge Nathanael Cousins ordered Defendant Alfred Georgis ("Georgis") released pending trial with conditions including residence in a halfway house. ECF 18. The parties agreed upon restrictions to be placed on the bond. *Id.* Although the Government opposed release, it did not appeal the 2016 order. On May 2, 2017, over the Government's objection, Judge Cousins modified conditions of pretrial release and ordered Georgis to be released from the halfway house to a residence in San Jose with electronic location monitoring. *See generally* Hr'g Tr., ECF 66. That same day, the United States filed an application to stay the release order, which this Court granted through May 3, 2017. ECF 56, 58. After a hearing on the application for a stay, the Court declined to impose a further stay. ECF 62. On May 31, 2017, Georgis was taken into Immigration and Customs Enforcement ("ICE") custody based on a 2006 removal order. ECF 92. On June 9, 2017, the Government requested that the Court revoke its prior release order, issue an arrest warrant for Georgis to be remanded to United States Marshals Service ("USMS") custody, and order Georgis to be detained pending trial. ECF 74. At a hearing on June 14, 2017, Judge Cousins denied the Government's request. ECF 82.

The Government now requests that this Court revoke Judge Cousins' original release order from May 11, 2016 and order that Georgis be detained pending trial. ECF 92. Though the

1 Government concedes that it did not immediately appeal the original release order, it contends that

2 it has previously submitted facts regarding Georgis' risk of flight and now presents new evidence,

3 including his current ICE custody and imminent removal. *Id.* The Government argues that

4 Georgis' imminent removal from the country heightens his risk of flight. *Id.* In response,

5 Defendant states that under the Bail Reform Act of 1984, 18 U.C.S. § 3142, the Court cannot

6 consider an ICE detainer when determining whether to revoke pretrial release. ECF 93.

## I. LEGAL STANDARD

The Court conducts a *de novo* review of the Magistrate Judge's decision to detain Georgis. *United States v. Lopp*, No. 4-15-cr-00373-YGR-1, 2015 WL 5139367, at *2 (N.D. Cal. Sept. 1, 2015) (citing *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990)). "In general, the Bail Reform Act . . . requires that 'a person facing trial' be released 'under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required.'" *Id.* (citing *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985)); *see generally* 18 U.C.S. § 3142.

"To obtain an order of detention, the government must show that a defendant poses a flight risk or a danger to the community . . . ." *Lopp*, 2015 WL 5139367, at *2 (citing *Motamedi*, 767 F.2d at 1405). "In order to meet its burden, the government must show by a preponderance of the evidence that the defendant is a flight risk or show by clear and convincing evidence that he or she is a danger to the community." *Id.*

The Ninth Circuit has held that "[t]he factors that a court should consider in determining whether a particular defendant should be released under pretrial supervision or confined pending trial are set forth in 18 U.C.S. § 3142(g), and immigration status is not listed as a factor." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015) (citing 18 U.S.C. § 3142(e)(2)-(3), (f)) (finding that the district court erred in relying on the existence of an ICE detainer and the probability of the defendant's immigration detention and removal from the United States to find that no condition or combination of conditions would reasonably assure the defendant's appearance pursuant to 18 U.C.S. § 3142(e)). In *Santos-Flores*, the Ninth Circuit reasoned that "the district court's decision to detain Santos-Flores pending trial based on the possibility of his

1 detention or removal by immigration authorities . . . [was] contrary to the express language of the Bail Reform Act." *Id.* at 1091. Moreover, the court noted that "a number of district courts have persuasively explained, the risk of nonappearance referenced in 18 U.S.C. § 3142 must involve an element of *volition*." *Id.* (emphasis added) (citation omitted).

After a court determines whether a defendant should be detained or released pretrial, the Bail Reform Act provides that the decision may be reopened at any time before trial:

> if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.C.S. § 3142(f).

## II. DISCUSSION

At the hearings before this Court, the Government argued that Georgis poses a heighted risk of flight based on his imminent removal. The Government contends that if Georgis is released, he would flee to avoid removal and prosecution. The Government did not address Georgis' danger to the community although in its brief, the Government continues to argue that Georgis does pose a danger to the community. In response, the Defendant noted that the only issue before the Court is the Government's application for review and revocation of Judge Cousins' release order. Defendant argued that under the Bail Reform Act, the Court cannot consider an ICE detainer in determining whether to revoke pretrial release, and therefore the Government has not presented any change in circumstances that would pose a material bearing on the Court's decision.

After hearing arguments on the matter, the Court concludes that it is not proper to consider removal from the United States as a factor affecting Georgis' risk of flight, and that the Court must separate Georgis' detention by ICE from the Government's request for pretrial detention. Augmenting this decision is the fact that Georgis has a history of compliance with his pretrial release conditions, despite two minor technical violations that were immediately remedied. And, although the Government makes much of the fact that Georgis initially misled them with respect to his legal status in the United States, Georgis has known that he was subject to removal since

3

2006 and has continued to appear at all court proceedings.

Since the Government stipulated that the conditions imposed by the Court would reasonably assure the appearance of Georgis as required on May 11, 2016, the Government must now show by a preponderance of the evidence that circumstances have changed in such a way that would heighten Georgis' flight risk. Because the Court cannot consider Georgis' detention or removal by immigration authorities under the Bail Reform Act, and because the Government has not proved by a preponderance of the evidence that any changed circumstances would increase Georgis' volitional risk of flight, the Court DENIES the United States' request.

**IT IS SO ORDERED.**

Dated: June 30, 2017

_____
BETH LABSON FREEMAN
United States District Judge